UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:                                                          Case Number: 14-13002-7

TERRANCE EUGENE MINOR
and SANDRA IRENE MINOR,

Debtors.

---

## MEMORANDUM DECISION

## FACTS AND PROCEDURAL HISTORY

The Debtors, Terrance and Sandra Minor, filed a voluntary Chapter 7 Petition on July 10, 2014. They claimed two parcels of real estate as exempt under Wis. Stat. § 815.20, the state's homestead exemption, as permitted under 11 U.S.C. § 522(b). The Trustee objected to the Debtors' claim of exemptions. At a preliminary hearing on September 18, 2014, the parties stipulated to the relevant facts.

The following facts are uncontested. The two parcels claimed exempt are 4625 Kruger Road, Wisconsin Rapids, Wood County, Wisconsin ("Lot 1"), and N2809 Riley Road, Kennan, Price County, Wisconsin ("Lot 2"). The lots do not share any common border or boundary and are located in different counties. Lot 1 consists of approximately 8 acres improved with a permanently constructed 2-bedroom residence. Lot 2 consists of approximately 10 acres and is also improved with a permanently constructed 2-bedroom residence. The Debtors have occupied one or another of the lots since they acquired Lot 1 in

2002. At times before the Petition Date, the Debtors separated and each occupied one lot so that both lots were occupied simultaneously. The Debtors identified Lot 1 as their mailing address on their Petition.

The Debtors' equity interest in Lot 1 is $97,300. Their equity interest in Lot 2 is $22,000, for a total in both lots of $119,300. They assert they are entitled to claim an exemption in both Lots 1 and 2 based on the stipulated facts. The Trustee argues the Debtors are entitled to claim an exemption in only one lot.

The Debtors received a discharge on October 29, 2014.

I will treat this matter as cross-motions for summary judgment. Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), applied through Fed. R. Bankr. P. 9014(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The primary purpose of summary judgment is to avoid trial where there is no genuine issue of material fact in dispute. *See Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990).

## DISCUSSION

The Trustee has the burden of proving by a preponderance of the evidence that the exemption the Debtors claim is not allowed. Fed. R. Bankr. P. 4003(c). The parties have stipulated to the facts, and the only question

remaining is whether the Debtors may claim two non-contiguous properties, each improved with a 2-bedroom residence, under Wisconsin's homestead exemption.[1]

The Wisconsin homestead statute provides:

> An exempt homestead as defined in s. 990.01 (14) selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment, and from liability for the debts of the owner to the amount of $75,000, except mortgages, laborers', mechanics', and purchase money liens and taxes and except as otherwise provided. The exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale of the homestead, but shall extend to the proceeds derived from the sale to an amount not exceeding $75,000, while held, with the intention to procure another homestead with the proceeds, for 2 years. The exemption extends to land owned by husband and wife jointly or in common or as marital property, and each spouse may claim a homestead exemption of not more than $75,000. The exemption extends to the interest therein of tenants in common, having a homestead thereon with the consent of the cotenants, and to any estate less than a fee.

Wis. Stat. § 815.20(1).

As defined in Wis. Stat. § 990.01(14),

> "Exempt homestead" means the dwelling, including a building, condominium, mobile home, manufactured home, house trailer or cooperative or an unincorporated cooperative association, and so much of the land surrounding it as is reasonably necessary for its use as a home, but not less than 0.25 acre, if available, and not exceeding 40 acres, within the limitation as to value under s. 815.20, except as to liens attaching or rights of devisees or heirs of persons dying before the effective date of any increase of that limitation as to value.

---

[1] The combined acreage of both lots and the total value the Debtors claimed exempt are below the statutory limits.

The Debtors assert that, because of the way they use the properties, Lots 1 and 2 in conjunction satisfy this definition.

Wisconsin's homestead exemption law has changed over time. *See generally*, *Rumage v. Gullberg*, 2000 WI 53, 235 Wis. 2d 279, 292-97, 611 N.W.2d 458, 463-66 (2000); John E. Kreitler, *Establishment and Abandonment of a Wisconsin Homestead*, 1973 WIS. L. REV. 876 (1973); William L. Crow, *The Wisconsin Homestead Exemption Law*, 20 MARQ. L. REV. 1 (1935). The Wisconsin Constitution, adopted in 1848, has from the beginning contained a provision on homestead exemption in its Declaration of Rights: "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." WIS. CONST. art. I, § 17. The statutory level of protection for the interest, and the scope of precisely how much and what type of property may be claimed under the exemption, have changed. However, it is not at all clear that the requirement the property contain a "dwelling" and the idea that it is used as a "home" have evolved at all. Thus, looking to historic cases is instructive and leads to the conclusion that a person's "homestead" may consist of only one piece of property at a time.

A person can have only one homestead at a time. In 1875, the Wisconsin Supreme Court articulated the relationship between "home" and "homestead": "A homestead is the place of the dwelling house; the land contiguous and appurtenant to a home. A person may live in successive homes, but can have

one home only at one time. He may have several houses at once, but one only can be his home at a time." *Jarvais v. Moe*, 38 Wis. 440, 446 (Wis. 1875) (citations omitted). As the Trustee points out, the Wisconsin Supreme Court, looking at the modern statute, has referred to "the rule that a person can have but one homestead at a time" as stated in *Jarvais*. *See Plan Credit Corp. v. Swinging Singles, Inc.*, 54 Wis. 2d 146, 152, 194 N.W.2d 822, 825 (Wis. 1972) (citing *Jarvais*).

In *Plan Credit*, the appellant owned a house in Wisconsin and moved to Michigan to take a position with a Michigan corporation, not intending to return to Wisconsin. The court determined he had abandoned his Wisconsin homestead and was not entitled to the exemption. The appellant argued his plan was to sell the Wisconsin house and use the proceeds to repay a loan he had taken out in order to purchase a house in Michigan. Since the court determined he had acquired a homestead in Michigan, it held the appellant could not also have one in Wisconsin.

More recently, in *Moore v. Krueger*, the Court of Appeals of Wisconsin observed, "It should be noted that this decision does not affect the rule that a person can have only one homestead at a time." 179 Wis. 2d 449, 458, 507 N.W.2d 155, 159 (Wis. Ct. App. 1993). In that case, debtors who moved out of their house before it sold sought to exempt the proceeds of the sale. The court determined that, although the debtors permanently removed from the house, they had not established a new homestead while the house was for sale. The

court held that if the debtors intended to sell the house and use the proceeds to obtain a new homestead, they were entitled to exempt the proceeds.

The Debtors maintain they are only occupying one homestead consisting of two properties. The issue is not whether the Debtors have removed from one homestead and occupied another homestead *(Plan Credit)* or designated a house they have abandoned as a homestead after establishing a new homestead *(Moore)*. The question is whether Lots 1 and 2 qualify as a single homestead because of the way the Debtors use them by going back and forth between the two and, at times, separately occupying both properties.

Still, as the supreme court states in *Plan Credit*, the root of the rule that a debtor may have only one homestead is established in *Jarvais*. The explanation there goes to the heart of what an exemptible homestead is and *why* a debtor may have only one at a time. According to *Jarvais*, a person "may have several houses at once, but one only can be his home at a time." 38 Wis. at 446. Other older case law similarly elaborates on the meaning of the words in the statute. In 1862, the supreme court stated,

> The chief characteristic or attribute of the "homestead," therefore, is--what indeed the word itself implies--that it is the land where is situated the dwelling of the owner and family. We do not ordinarily give the name or attach the idea of a "homestead," to several distinct and separate tracts of land, although the dwelling house may be upon one of them and they may be owned and cultivated by the same person. We do not speak of a homestead in this sense. We rather mean the land upon which the dwelling house is situated, and the adjoining premises in a reasonably compact form.

*Bunker v. Locke*, 15 Wis. 635, 638 (Wis. 1862) (holding 20 acres of timber land a mile from homestead not a part of homestead, regardless of whether timber useful for wood, fencing, or other farming purposes).

The Debtors argue two dwellings on two separate tracts of land constitute a homestead. This does not comport with the idea that a person may have only one home at a time and that only adjacent land is included with this home as part of the homestead.

The Debtors take the position that, "[f]ollowing the rebuttable presumption analysis announced in [*Johnson v. Burgus (In re Burgus)*, 166 B.R. 126, 128 (W.D. Wis. 1991)], because these debtors are claiming a homestead exemption for property which is well below the statutory value and acreage limits, it becomes incumbent upon the Chapter 7 Trustee to prove that the exemption claimed here is not reasonable." A survey of homestead cases confirms that courts consistently reject the idea of a presumption that property claimed as exempt is also reasonably necessary for use as a home. *See In re Isaacs*, 491 B.R. 893, 897 (Bankr. W.D. Wis. 2013) (citing *In re Olsen*, 322 B.R. 400, 406 (Bankr. E.D. Wis. 2005), which declined to adopt presumption all contiguous land up to 40 acres is reasonably necessary for use of dwelling as home). The Debtors misapprehend the findings in *Burgus*. Regardless of whether such a presumption applies, *Burgus* states, "Property *which otherwise can be classified as homestead property* should presumptively be considered 'reasonably necessary for the use of the dwelling as a home,' as long as it does

not exceed such [statutorily] prescribed limits." *In re Burgus,* 166 B.R. at 128 (emphasis added) (quoting *In re Mann,* 82 B.R. 981, 984 (Bank. W.D. Wis.1986)).

The analysis consists of two steps. First, can the property be classified as homestead property? Second, how much of the property surrounding the dwelling is reasonably necessary for its use as a home? Often, courts analyzing the issue move directly to the second question because there is no question the property contains a dwelling used as a home and the only necessary inquiry is how much of the land surrounding the dwelling is reasonably necessary for that use. Here, however, the threshold question is raised: Can Lots 1 and 2 simultaneously be classified as homestead property? As discussed above, the Wisconsin homestead exemption does not encompass the Debtors' asserted exemption.

The Debtors argue the definition of homestead under Wisconsin law has evolved from its beginnings and now covers the Debtors' living situation. Perhaps the colloquial definition of "home" has expanded. However, neither the statute nor case law interpreting it indicate the definition of "homestead" under Wisconsin law has expanded since the Wisconsin Supreme Court referred to the rule that a person can have only one homestead at a time. *Plan Credit Corp. v. Swinging Singles, Inc.,* 54 Wis. 2d 146, 152, 194 N.W.2d 822, 825 (1972).

Admittedly, courts in other jurisdictions applying the homestead exemption law of other states have permitted married debtors filing jointly to

exempt two non-contiguous parcels. *See, e.g., Colwell v. Royal Int'l Trading Corp. (In re Colwell)*, 196 F.3d 1225 (11th Cir. 1999); *In re Hall*, 395 B.R. 722, 731 (Bankr. D. Kan. 2008); *In re Roberge*, 307 B.R. 442 (Bankr. D. Vt. 2004). However, in such cases, the debtors were permanently separated or living apart at the time of the filing of the petition, in one case for 3-½ years *(In re Colwell)* and in another for nine months *(In re Roberge)*. The debtors in those cases did not claim the two parcels constituted one homestead. Rather, each debtor claimed a *separate* homestead and the debtors were permitted to each claim an exemption based on the facts of those cases and applicable state law.

According to the Eleventh Circuit Court of Appeals, under Florida law, "[A] homestead exemption can be established to each of two people who are married but legitimately living apart in separate residences, if they otherwise meet the requirements of the exception, and, by 'legitimately' they mean that there is no fraudulent or otherwise egregious act by the beneficiary of the exemption." *In re Colwell*, 196 F.3d at 1226. Similarly, according to a bankruptcy court, "[T]he Vermont homestead exemption may be utilized to exempt two homestead parcels, but only if the spouses were living apart prior to the filing of the bankruptcy case, each homestead is necessary to preserve a family unit, and there is no evidence of fraud." *In re Roberge*, 307 B.R. at 448 (subsequently cited by the Vermont Supreme Court in *Brattleboro S&L Ass'n v. Hardie*, 2014 VT 26, ¶ 12, 94 A.3d 1132, 1137 (2014)). Finally, under a bankruptcy court's interpretation of Kansas law, "[M]arried debtors may claim

separate homesteads provided they can establish that both tracts of property qualify as a homestead. . . . [T]his holding is specifically limited to circumstances in which a husband and wife have each legitimately established a separate homestead pursuant to Kansas law, which separate homesteads were not created for the purpose of defeating or defrauding creditors. It is only in those admittedly rare situations where a husband and wife have remained married, but can show that they have elected to and do live apart on a permanent basis, that this holding will be applicable." *In re Hall*, 395 B.R. at 731. These cases are based on the state law of other jurisdictions. No Wisconsin statutory provision contains such authority. Neither are there reported Wisconsin cases creating such authorization.

Even if Wisconsin courts applied similar logic to Wisconsin's homestead exemption, the Debtors would still not be entitled to exempt both Lots 1 and 2 because they did not intend to permanently live apart at the time they filed the Petition. The facts on the date of a petition determine a debtor's claim to exemptions. *In re Willis*, 495 B.R. 856, 860 (Bankr. W.D. Wis. 2013); *In re Olsen*, 322 B.R. 400, 406 (Bankr. E.D. Wis. 2005). Here, the Debtors listed the Lot 1 address on the Petition as their street address. Neither listed a separate mailing address. More importantly, the facts the Debtors and the Trustee agreed to are that, although "[o]n various occasions, [they] have separated and occupied both lots 1 and 2 simultaneously with one debtor occupying each lot at the same time," "the debtors have continuously either occupied or

temporarily removed with the intention to reoccupy both lots 1 and 2." The Debtors observe couples may separate due to "strife and/or marital disharmony" or for other reasons such as "business trips, vacations, holidays and etc." Although the reason these particular debtors have lived separately in the past is not apparent, it is clear they did not separate with the intent to remain apart at the time they filed the Petition. Accordingly, they are not entitled to exempt non-contiguous parcels under the theory that they have established separate homesteads.

## CONCLUSION

For the foregoing reasons, the Trustee's objection is SUSTAINED.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: February 26, 2015.

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge
